WALTER J. ROTHSCHILD, Judge.
|2In these succession proceedings, Vern-ice Simon appeals from a trial court judgment ordering her to produce an accounting of funds and assets that relate to the Succession of Dorothy Dalton Smith Twine. For the reasons stated herein, we affirm.
On February 13, 2009, Vernice Simon commenced these proceedings with a Petition for Possession following the death of *72 her grandmother, Dorothy Dalton Smith Twine. According to the petition, the decedent died testate on May 14, 2008 listing her children and grandchildren as legatees. A copy of the testament was attached to the petition and indicated that Ms. Simon was named as executrix of the estate, although the record fails to indicate that she was appointed as such. A sworn descriptive list of assets and liabilities was submitted with the petition, and listed assets of certain real estate, a bank account valued at $25,000 and certain movables. On the basis of this documentation, judgment of possession was rendered by the trial court on February 18, 2008.
| .¡On July 1, 2009, Joyce Marie Twine and Mary Louise Twine Taylor, the daughters of decedent, as well as Susan Twin Orticke, the granddaughter of decedent, filed a Petition to ReOpen Succession in this matter. In this pleading, petitioners asserted that after the judgment of possession was rendered, they learned that the bank account listed as an asset in the descriptive list contained the sum of $1800.00 rather than the $25,000.00 amount which was listed. Petitioners also indicate that decedent received $89,000 prior to her death in funds to repair her home, and this amount was not accounted for in decedent’s estate. Further, petitioners assert that decedent owned a safety deposit box, the contents of which were not listed on the Sworn Descriptive List.
Petitioners requested an accounting from Ms. Simon but were unsuccessful in this effort. Petitioners therefore prayed that the succession be reopened and that Ms. Simon be ordered to provide an accounting of decedent’s bank accounts, her home repair funds and the contents of the safety deposit box.
This matter was set for hearing on July 28, 2009, and petitioners appeared with counsel while Ms. Simon appeared in proper person. On August 3, 2009, the trial court rendered judgment reopening the Succession of Dorothy Dalton Smith Twine and ordering Vernice Simon to provide petitioners with an accounting of any and all funds and assets that may related to the succession within 60 days of that order. The judgment also ordered that the accounting shall include funds owned by the decedent which Ms. Simon many have had a Power of Attorney in connection therewith.
Following this ruling, Vernice Simon retained counsel and filed a Motion for New Trial. Following a hearing, the trial court rendered judgment on November 23, 2009 denying the motion for new trial. On December 4, 2009, Ms. Simon filed a motion to amend the descriptive list to provide the correct balance in decedent’s |4checking account. On December 15, 2009, Ms. Simon filed a motion for suspensive appeal from the trial court’s rulings of August 3, 2009 and November 23, 2009. Counsel for petitioners moved to dismiss the suspensive appeal for failure to post security therefor pursuant to La.C.C.P. art. 2124. The trial court granted the motion and the trial court converted the appeal to devolutive.
By this appeal, Ms. Simon does not challenge the trial court’s order with regard to the order to provide an accounting of the bank account funds listed on the Sworn Descriptive List. However, Ms. Simon disputes the trial court’s authority to order an accounting for her performance as a man-datary prior to decedent’s death. Ms. Simon asserts on appeal that the trial court erred in ordering her to provide an accounting to the petitioners for acts she performed for her grandmother prior to her death on the basis of a power of attorney. Further, Ms. Simon argues that the accounting ordered by the trial court im-permissibly requires her to include her separate and personal property.
*73 Although the record does not contain a copy of the general mandate executed by the decedent, there is no dispute between the parties that Vernice Simon acted as a mandatary prior to her grandmother’s death. In this capacity, Louisiana law provides that Ms. Simon was obligated to account for her performance upon termination of the mandate.
La. C.C. art. 3001 describes the manda-tary’s standard of care as follows:
The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary’s failure to perform.
La. C.C. art. 3032 governs the requirement for an accounting of a mandatary, and provides as follows:
| RUpon termination of the mandate, unless this obligation has been expressly dispensed with, the mandatary is bound to account for his performance to the principal.
Further, La. C.C. art. 3003 provides in part:
At the request of the principal, or when the circumstances so require, the mandatary is bound to provide information and render an account of his performance of the mandate.
Generally, the mandatary is bound to account to the principal; however, in the present case, the accounting was requested after the death of the principal by the heirs of the principal. Nevertheless, universal successors acquire ownership of the estate upon the death of the decedent, and a successor may exercise rights of ownership with respect to his interests in a thing of the estate as well as his interest in the estate as a whole. La. C.C. arts. 935 and 938(A). These provisions allow the universal successors of an estate to step into the shoes of the principal and to request an accounting from the mandatary. In addition, the record indicates that Joyce Marie Twine, petitioner herein, was confirmed as Testamentary Executrix of the Succession of Dorothy Dalton Smith Twine by order of the court dated December 3, 2009. In this capacity, petitioner has the authority to demand an accounting from decedent’s mandatary.
Under these circumstances, we find that Vernice Simon in her capacity as man-datary to the decedent, is bound to account to decedent’s successors. Further, although Ms. Simon contends the trial court erred in compelling the accounting in the absence of a contradictory hearing -with testimony and evidence, we fail to find applicable legal authority requiring such an evidentiary hearing prior to the submission of an accounting required by law.
|fiFinally, although Vernice Simon indicates that the ruling of the trial court impermissibly requires her to account for her own personal and separate property, insofar as this property was held jointly with decedent, we find that she is nonetheless obligated to provide an accounting of her performance in connection with the property of decedent.
Accordingly, we find no error of the trial court in ordering Vernice Simon to produce an accounting of decedent’s property to petitioners. For the reasons stated herein, the judgment of the trial court is affirmed.

AFFIRMED.